NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER THOMPSON, | No. 24-4777 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00080-BMM |
| v. | MEMORANDUM* |
| U.S. BANK NATIONAL ASSOCIATION; ANDY CECERE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JASON HENDERSON; HALLIDAY WATKINS & MANN, PC; BENJAMIN J. MANN; AUCTION.COM LLC; JASON ALLNUT; ALI HARALSON; and GEORGE LANE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted May 29, 2026**

Before: RAWLINSON, H.A. THOMAS, and MENDOZA, JR., Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter Thompson appeals from an order (1) dismissing his complaint for failure to state a claim and (2) denying his motions for an extension of time to file an amended complaint, leave to file an amended complaint, and recusal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. "We review de novo a district court's dismissal based on res judicata." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits[,] . . . even where the prior action was in federal court and involved federal questions." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (citation omitted). Montana law therefore governs the claim preclusion issue here.

Claims One, Two, and Three were properly barred by res judicata. *See Clark v. McDermott*, 518 P.3d 76, 84 (Mont. 2022) (describing elements of res judicata). Thompson and Appellee U.S. Bank National Association (U.S. Bank) were parties in both *Thompson v. Sullivan* (*Thompson I*), No. 21-35528, 2023 WL 4231736 (9th Cir. June 28, 2023), and the present action, and Appellee Andy Cecere stood in privity to U.S. Bank in *Thompson I*. The capacities of the parties are the same in reference to the subject matter and the issues between them. *Thompson I* concerned the same property and loan underpinning Thompson's current claims, and Thompson's previous claims are the same as his claims in the

present action. *Thompson I* (Doc. 257 at 35–38). And a final judgment had been entered in *Thompson I*.

2. We review de novo the dismissal of a complaint for failure to state a claim. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). In doing so, we accept all factual allegations in the complaint as true and construe them in the light most favorable to Thompson. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The district court appropriately dismissed Claim Four. Thompson did not sufficiently explain how Appellee Mortgage Electronic Registration Systems, Inc.'s (MERS) breach of an oral agreement violated the Montana Consumer Protection Act, UCC § 1-208, or 15 U.S.C. § 1692(f).

The district court appropriately dismissed Claim Five. The duties of a trust indenture trustee are provided exclusively by the Small Tract Financing Act of Montana. *Knucklehead Land Co. v. Accutitle, Inc.*, 172 P.3d 116, 121 (Mont. 2007). Thompson did not plausibly allege how Appellee Halliday, Watkins & Mann was responsible for the content on Appellee Auction.com LLC's (Auction.com) website.[1] Nor was the dismissal of Claim 5 against Auction.com

---

[1] The district court did not convert Halliday, Watkins, & Mann's motion to dismiss into a motion for summary judgment by relying on a letter Thompson attached to this complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

and MERS erroneous. Thompson did not plausibly allege that they acted in "conscious disregard of or indifference to [the] risk" of advertising his $1.9 million property as worth only $245,000, *Owens v. Parker Drilling Co.*, 676 P.2d 162, 164 (Mont. 1984), or that Auction.com engaged in a conspiracy to undervalue his property. Rather, Thompson's own complaint states that when he informed Auction.com of the incorrect information, the site removed the listing.[2]

Finally, the district court correctly dismissed Claim Six. Defendant Jason Henderson sent a letter to Thompson offering to provide "a reinstatement or payoff amount." Thus, the relief sought has already been provided. *See Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024).

3. We review for abuse of discretion denials of motions for leave to amend and for extensions of time. *Manzarek*, 519 F.3d at 1031 (leave to amend); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (extension of time). The district court did not abuse its discretion in denying Thompson leave to amend. Thompson unduly delayed filing an amended complaint and repeatedly employed dilatory tactics. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Nor did the court abuse its discretion in denying

---

[2] The district court did not err in dismissing Jason Allnut, Ali Haralson, and George Lane. Thompson's complaint did not contain any allegations against these individuals.

Thompson an extension of time for lack of good cause shown. *See* Fed. R. Civ. P. 6(b)(1).

4. The district court did not abuse its discretion in denying Thompson's motion for recusal. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). And we reject Thompson's unsupported allegations of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The scheduling of the hearing on Thompson's motions for a temporary restraining order and preliminary injunction after the scheduled foreclosure sale date was rather the practical consequence of Thompson's failure to follow the correct procedure for emergency filings.

**AFFIRMED.**